United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

IN RE EX PARTE APPLICATION OF SEYEON IN,

Applicant.

Case No. 24-mc-80301-BLF

**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

[Re: ECF 1]

Before the Court is an *ex parte* application filed by Seyeon In ("Applicant") pursuant to 28 U.S.C. § 1782, seeking leave to take limited discovery from Google LLC for use in a civil proceeding pending in the Republic of Korea. *See* Applic., ECF 1. The Court finds the application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

## I. BACKGROUND

Applicant is a resident of Seoul, Republic of Korea. *See* In Decl. ¶¶ 2-5, ECF 1-1. She is an influencer and streamer who uses the nickname "Juice Seyeon" on YouTube, Instagram, and Afreeca TV. *See id*. ¶¶ 2-5. Afreeca TV is a Korean internet broadcasting platform for streamers. *See id*. ¶ 4. Applicant claims that an anonymous individual has defamed her in a video that was posted to two YouTube channels in August 2024. *See id*. ¶¶ 7-11. The video states that Applicant traveled to Las Vegas with a man named Bang Si-hyuk and implies that Applicant is a prostitute who had sex with Bang Si-hyuk in exchange for money. *See id*. ¶¶ 12-15. Applicant asserts that those statements are defamatory because she did not travel to Las Vegas with Bang Si-hyuk, did not have sex with him, and is not a prostitute. *See id*. The video provides a number of details

regarding Applicant's supposed trip to Las Vegas with Bang Si-hyuk, including that Applicant's sister also was on the trip, that Bang Si-hyuk got applicant a room at the Bellagio Hotel, and that Applicant is an online prostitute. *See id.* ¶¶ 16-22. Applicant states that she has lost business opportunities because of the defamatory video and has suffered mental harm due to the humiliation caused by the video. *See id.* ¶¶ 23-25. She has filed a civil lawsuit against the anonymous individual who posted the video, which is pending in the Seoul Central District Court in the Republic of Korea. *See id.* ¶ 26. However, Applicant has not been able to proceed with the lawsuit because she cannot identify the anonymous individual who posted the video. *See id.* ¶¶ 27-30.

Applicant's attorney has filed a declaration stating that the information necessary to identify the person who posted the defamatory video is held by YouTube's parent company, Google LLC, which maintains its principle office in Mountain View, California. *See* Chong Decl. ¶¶ 6, 18-21, ECF 1-2. Applicant filed the present action pursuant to 28 U.S.C. § 1782 on December 6, 2024, seeking leave to serve a subpoena on Google LLC requesting production of documents relating to the personal identifying information ("PII") of the person who posted the video. *See* Applic & Ex. A (Subpoena). The action initially was assigned to Magistrate Judge Susan van Keulen, but it was reassigned to the undersigned judge on December 9, 2024. *See* Order Reassigning Case, ECF 6.

## II. LEGAL STANDARD

In relevant part, § 1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit

district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

"[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at 926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;' and (4) whether the discovery requests are 'unduly intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir. 2024) (quoting *Intel*, 542 U.S. at 264-65).

It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v. Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quotation marks and citation omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on an *ex parte* basis.").

## III. DISCUSSION

### A. Statutory Requirements

The application satisfies the three statutory requirements of § 1782. With respect to the first requirement, that the respondent be found in the district, "[a] business entity is 'found' in the

judicial district where it is incorporated or headquartered." *See Illumina Cambridge Ltd. v. Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Google LLC is headquartered in Mountain View, California, *see* Chong Decl. ¶ 6, which is in this district, *see United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017 (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located within the geographic boundaries of the Northern District of California.").

The second requirement, that the discovery is for use in a foreign proceeding, is satisfied here because Applicant seeks the discovery to aid her in litigating a lawsuit pending in the Seoul Central District Court in the Republic of Korea. *See* Chong Decl. ¶¶ 7, 18-21. Other courts in this district have found this statutory requirement satisfied where the applicant seeks discovery from Google LLC to aid in foreign litigation arising from videos posted anonymously to YouTube. *See, e.g., Lee v. Google LLC*, No. 24-MC-80169-EJD, 2024 WL 3925712, at *2 (N.D. Cal. Aug. 22, 2024).

With respect to the third requirement, that the application be made by a foreign tribunal or any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes of § 1782. *See Intel*, 542 U.S. at 256. As discussed herein, Applicant brought the Korean lawsuit for which she seeks the discovery at issue here.

Having concluded that the statutory requirements are satisfied, the Court considers whether the discretionary *Intel* factors weigh in favor of granting the application.

**B. Discretionary *Intel* Factors**

The first *Intel* factor asks whether the respondent is a participant in the foreign action. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264. Google LLC is not a party to the Korean lawsuit, and therefore is outside the Korean court's jurisdictional reach. *See* Chong Decl. ¶ 21.

Under the second *Intel* factor, the district court "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*,

542 U.S. at 264. Kyongsok Chong, an attorney who is licensed to practice in the Republic of Korea, has submitted a declaration stating: "Based upon my experience as an attorney licensed to practice law in the Republic of Korea, civil courts of the Republic of Korea are receptive to assistance in discovery by United States federal courts, including discovery of PII of individuals publishing anonymous online statements." Chong Decl. ¶ 23.

The third *Intel* factor asks whether the request for discovery is an attempt to circumvent foreign proof-gathering restrictions or other policies of the foreign country or the United States. *See Intel*, 542 U.S. at 265. Attorney Kyongsok Chong indicates that the requested discovery would not conflict with any restrictions or policies under the laws of Korea, and represents that Applicant is not attempting to circumvent any such restrictions or policies. *See* Chong Decl. ¶¶ 22-24. The court notes that with respect to policies of the United States, defamation claims may implicate First Amendment issues but the First Amendment does not apply to foreign citizens in a foreign country. *See Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022) ("The First Amendment doesn't apply to foreign citizens outside U.S. territory[.]"). The video at issue is in the Korean language and is about a Korean resident. *See* In Decl. ¶ 2; Hong Decl. ¶ 4, ECF 1-3. Nothing in the record suggests that the discovery sought here would implicant First Amendment considerations. Accordingly, the discovery request does not appear to be an attempt to circumvent the laws or policies of either the Republic of Korea or the United States.

The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265. The Court finds that the subpoena Applicant wishes to serve on Google LLC is narrowly tailored to obtain information necessary to identify and litigate against the person who posted the anonymous video on YouTube. Other courts in this district have allowed the service of similar subpoenas on Google LLC pursuant to § 1782. *See, e.g.*, *In re Kim*, No. 24-MC-80072-PCP, 2024 WL 1898453, at *2 (N.D. Cal. Apr. 30, 2024).

Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it appropriate to grant the application.

//

//

//

**IV. ORDER**

(1) The *ex parte* application for leave to take limited discovery from Google LLC pursuant to 28 U.S.C. § 1782 is GRANTED.

(2) The applicant IS AUTHORIZED to issue and serve on Google LLC a subpoena for production of documents that is substantially similar to the proposed subpoena attached to the application as Exhibit A.

(3) The applicant SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on Google LLC.

(4) The Clerk shall close the file.

(5) The Court retains jurisdiction over this matter.

Dated: December 17, 2024

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California